13-2841
Ye v. Holder

BIA
A073 170 036

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT
## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of July, two thousand fourteen.

PRESENT:
> JON O. NEWMAN,
> RICHARD C. WESLEY,
> GERARD E. LYNCH,
> > *Circuit Judges.*

_____

DE QUAN YE,
> *Petitioner,*

> v.                                      13-2841
>                                         NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Edward J. Cuccia, New York, New
                         York.

FOR RESPONDENT:          Stuart F. Delery, Assistant Attorney
                         General; Jennifer L. Lightbody,
                         Senior Litigation Counsel; Matthew
                         A. Connelly, Trial Attorney, Office
                         of Immigration Litigation, United
                         States Department of Justice,
                         Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

De Quan Ye, a native and citizen of China, seeks review of a June 28, 2013, decision of the BIA denying his motion to reopen. *In re De Quan Ye*, No. A073 170 036 (B.I.A. Jun. 28, 2013). We assume the parties' familiarity with the underlying facts and procedural history of this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006).

As Ye concedes in his brief, his fourth motion to reopen filed in May 2013 was untimely, number barred, and did not fall under any statutory exception to the time and number limitations. *See* 8 U.S.C. § 1229a(c)(7)(C)(i). Ye argues that, because his 1997 removal proceedings were improvidently begun after he had already been ordered excluded, the time and number rules do not apply. Ye, however, cites to no authority in support of this proposition except for general case law regarding the doctrine of *res judicata*, which, by itself, is unavailing. First, 8 U.S.C. § 1252(g) bars judicial review of the

agency's determination to "commence proceedings," thus, to the extent Ye argues that the 1997 removal proceedings should not have been commenced, judicial review is not available. In any event, Ye raises his *res judicata* argument for the first time in his fourth motion to reopen, without explaining why he did not raise it earlier. Ye could have raised that argument as early as 1997, but did not do so. The regulations provide that a motion to reopen must be based on new, previously unavailable evidence. *See* 8 C.F.R. § 1003.2(c)(1). As Ye identifies no basis for finding that the BIA abused its discretion by denying reopening and termination of proceedings, his petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk